UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00064-SEB-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TERRENCE TINSLEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00064-SEB-MJD |
| ) | |
| TERRENCE TINSLEY, ) -1 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Terrence Tinsley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 68. For the reasons explained below, his motion is **DENIED**.

### I.  Background

In February 2017, law enforcement obtained and executed a search warrant for Mr. Tinsley's home in Indianapolis, Indiana. Dkt. 28 at 7. During the search, officers located three bags and one box of methamphetamine totaling approximately 260 grams, 3.31 grams of cocaine, 54.98 grams of heroin, and two firearms. *Id.* at 7–8. All of these items were owned by Mr. Tinsley and were intended for sale. *Id.* at 8.

In December 2017, Mr. Tinsley pleaded guilty and was sentenced for possession with intent to distribute 50 grams or more of methamphetamine, heroin, and cocaine and for unlawfully possessing a firearm as a felon. Dkt. 41 at 1. Mr. Tinsley faced a guidelines sentencing range of 262 to 327 months of imprisonment. Dkt. 36 at 15. The Court sentenced him to 212 months of imprisonment, followed by 8 years of supervised release. Dkt. 41 at 2–3. The Bureau of Prisons

("BOP") currently reports that Mr. Tinsley's anticipated release date (with good-conduct time included) is April 25, 2032. https://www.bop.gov/inmateloc/ (last visited January 4, 2024).

Mr. Tinsley has filed a pro se motion for compassionate release. Dkt. 68. Mr. Tinsley asserts that extraordinary and compelling reasons for compassionate release exist because (1) a change in the law has produced a disparity between the sentence he received and the sentence he would receive today; (2) he wishes to be at home to provide support for his children and grandchildren; and (3) he has undergone rehabilitation while incarcerated. *Id.* The Court is able to resolve the motions without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Mr. Tinsley's motion, as appropriate.

Mr. Tinsley argues that he establishes an extraordinary and compelling reason to release him because a change in the law has produced an error in his sentence constituting a disparity between the sentence he received and the sentence he might receive if he was sentenced today. Specifically, he argues that, following *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), his prior conviction would no longer render him a "career offender," and he would therefore no longer be subject to the career offender sentencing enhancement.

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for

a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise. *See United States v. Watts*, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (affirming denial of a compassionate release relying on *Thacker* where the defendant had argued that *Ruth* impacted his eligibility for a lower statutory-minimum prison term).

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited January 4, 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases, including *Watts* can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion

may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Tinsley's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Tinsley has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Mr. Tinsley has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Mr. Tinsley next argues that he wishes to be home to provide support for his six children and five grandchildren. Dkt. 68 at 1–2. He states that his children need support because they have developed depression and two of his sons are currently incarcerated. *Id.* Under the recently amended guidelines, two circumstances where extraordinary and compelling reasons for release exist are (1) "the death or incapacitation of the caregiver of the defendant's minor child," U.S.S.G. § 1B1.13(b)(3)(A), and (2) "circumstances similar to those listed in paragraph[] (3)(A) . . . exist involving any other immediate family member" where "the defendant would be the only available caregiver" for them, U.S.S.G. § 1B1.13(b)(3)(D). Mr. Tinsley has provided no evidence that any caregivers of his children or grandchildren have died or are incapacitated or that he would be the only caregiver available for his grandchildren. Though the Court is sympathetic to the hardships of having an incarcerated father or grandfather, there is no evidence that that any of Mr. Tinsley's descendants require care that only he can provide. Many inmates have children or grandchildren for whom they would wish to provide care and support. Such a desire is common, not extraordinary. As such, the Court finds that Mr. Tinsley has failed to meet his burden to establish

that care for his children and grandchildren is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

That leaves Mr. Tinsley with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Tinsley has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (cleaned up). The Court does not find that Mr. Tinsley's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to find that Mr. Tinsley had established an extraordinary and compelling reason, the Court would nevertheless rule that Mr. Tinsley is not entitled to compassionate release based on the sentencing factors prescribed under 18 U.S.C. § 3553.[1] His efforts to maintain employment, engage in programming, and work with other inmates as a tutor are laudable. Dkt. 68 at 8; Dkt. 68-1 at 2. However, his serious criminal history, which consists of five prior felony convictions including possession of cocaine or narcotic and possession of a firearm as a felon as well as a misdemeanor conviction for criminal sexual abuse, counsels against

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

a reduction. Dkt. 36 at 7–10. Mr. Tinsley is currently scheduled to be released in April 2032. To release him now would amount to a substantial reduction in his sentence.

Thus, because the early release of Mr. Tinsley would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes, the motion must be **DENIED**. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Tinsley's motion for compassionate release, dkt. [68], is **denied**.

**IT IS SO ORDERED.**

Date:   1/17/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Terrence Tinsley
Register Number: 15707-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

8